RECEIVED
MAY - 7 2014
PRO SE OFFICE

In the United States District Court of the Eastern District of New York

| | |
|---|---|
| Jayne Baker,<br>Petitioner<br><br>v.<br><br>United States of America,<br>Respondent | Civil Action<br><br>**CV 14    2913**<br>VITALIANO, J.<br>SCANLON, M.J. |

**Petition to Quash Summons**

May 5, 2014

    This is a miscellaneous action filed by a Petitioner, Jayne Baker of 22 North 6th Street, Apartment 24K, Brooklyn New York 11249, Kings County, New York, seeking to quash nine administrative summonses issued by the Internal Revenue Service (hereinafter "IRS") as part of an audit into Ms. Baker's tax liability for the tax years 2010, 2011 and 2012. We submit to the jurisdiction of the United States district court for The Eastern District of New York (which includes Kings County) to hear and determine any proceedings as brought under Internal Revenue Code § 7609(h). The summonses were issued on the April 23, 2014 to nine financial institutions: E-trade Financial, Bank of America N.A., TD Bank, Discover Bank, Capital One N.A., New Jersey Lenders Corp., JB Tax Services, Citibank and JP Morgan Chase N.A. For the reasons below, the Petitioner moves to have the summons quashed.

    The first issue at hand is why the IRS has requested the documents from the third parties. Through discussion, it has been determined that the IRS is relying upon "newspaper articles" and "gut feelings" as to why this audit exists. The reasons behind the audit are not speculation on the Petitioners part, but recorded discussions between the IRS and the Petitioner's representatives. The Petitioner was involved in a criminal matter that received newspaper coverage; however, this does not mean that the Petitioner automatically is voluntarily withholding income or committing any other unruly deeds. The IRS is on a fishing expedition for information that could provide them information relevant for an audit. However, they have been asked to provide any reasoning behind pursuing this audit and have left the Petitioner and her representatives

wanting. In relation to the aforementioned issue is that the Petitioner did not self-prepare the returns in question. The returns were prepared by a Certified Public Accountant, a licensed professional with a fiduciary duty to provide accurate returns.

A second issue that arises is the invasion of privacy and violation of the Petitioner's and related parties 4th Amendment rights. It is fact that a person has a reasonable expectation of privacy in relation to their private matters. Although financial information is not protected with the same level of scrutiny other information is, this does not mean that anyone that asks for such information should be provided it, particularly without cause, as the IRS is in this case. Additionally, the first eight Constitutional amendments apply to the Federal Government as well as to the states. The IRS may argue that the exclusionary rule and the 4th amendment are not applicable to civil proceedings; however, this is not a civil or criminal proceeding. This is a result of agency action and a tax matter, thus governed by Article I courts. Therefore, the Petitioner holds that the 4th amendment applies to the IRS actions. The 4th amendment holds the Petitioner and people in general should be free from unreasonable searches and seizures. Here, the IRS is seizing control of the Petitioners financial records without consent and on no basis in law or any basis. In order to move forward with the seizure of the Petitioners financial records, the IRS should have to show a reason or any cause for the need for such records. Although US v. Powell held that the IRS does not have to show probable cause, here no cause whatsoever has been shown by the IRS to invade the Petitioner's private financial records.[1] They may be relying on a hunch or hearsay, but is that enough to allow the IRS to abuse its powers that they themselves granted? Here the IRS is using the issuance of the summonses to continue the statute of limitations that is about to run its course because they have no information indicating an issue with the returns in question. Additionally, the IRS when asked indicated no cause or reason to believe that the Petitioner's returns were not submitted properly, with accurate information. To grant the IRS additional time and the ability to occupy the Petitioner's financial records would be a violation of the courts process.

Here, the IRS has shown no indication that the Petitioner has committed any crime, nor that the Petitioner has withheld any information. As discussed, the Petitioner did not prepare the tax returns in question. The IRS agent indicated on the summons indicated to Petitioner, through her representative, that the IRS agent wanted to discuss financial dealings of other

---

[1] US v. Powell, 85 S.Ct. 248 (1964).

parties with the Petitioner and was simply trying to get information on other parties through said discussion. The Petitioner cannot speculate on any other parties financial records or dealings and therefore felt it unnecessary to meet with the IRS agent as she was unaware of others financial activities. The IRS agent threatened the Petitioner on numerous occasions, and the Petitioner's representatives. The agent stated that without her agreeing to a meeting and discussing other people involved in the criminal matter, the agent would be issuing summons against all of her financial institutions regardless of whether it was necessary and correct procedurally. Again, this is a matter of record.

The IRS informed the Petitioner's representatives that they had read the Petitioner was involved in a criminal matter and saw this as a way to invade her personal records, without cause other than knowledge of limited involvement into a criminal venture. The fact that someone is involved in one matter does and should not lead them down the path of automatically being put in the accused role regarding other matters. It also reasons that any financial institution has a fiduciary duty to protect their client's privacy, unless a showing of cause can be demonstrated to the respective financial institution leading them to believe that they owe a duty to the government agency, here the IRS. Through the summons issued, the IRS has provided no indication that they themselves have reason to believe that fiduciary duty does not apply, or that the Petitioner has done something leading the respective financial institutions to assault that fiduciary responsibility and their client's privacy. Private information as defined by Black's Law Dictionary is information that relates to or belongs to an individual, as opposed to the public or the government. Here, one would be lead to believe that an individual's financial information would be deemed private, unless the government could show cause for such information. Here, when asked, the government official, on record stated they were relying on newspaper articles and gut feelings for continuation of the audit. In a world that such reliance can be deemed valid; the government has been moved into a role of judge, jury and executioner, instead of an administrative agency with itemized powers, which needs to show cause to continue inquiry of private individuals. The IRS in this instance is doing nothing more than threatening and harassing a person that they feel could give those more to go on for auditing others involved in an event she had limited knowledge of. Simply stated, the government should not be allowed to abuse its powers merely because they cannot manage their own funds properly and therefore be able to audit without cause and with unlimited power.

For the aforementioned reasons and to avoid our client's rights being unjustly violated the Petitioner respectfully request that the Respondent's summonses be denied and her Petition to Quash be granted.

Jaynie Baker
22 North 6th Street #24K
Brooklyn NY 11249
972-408-8782
5/7/2014