UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

JAYNE BAKER

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
————————————————————X

**ORDER**
14-CV-2913 (ENV)
14-CV-2914 (ENV)
14-CV-2915 (ENV)
14-CV-2916 (ENV)
14-CV-2917 (ENV)
14-CV-2918 (ENV)
14-CV-2919 (ENV)
14-CV-2920 (ENV)
14-CV-2921 (ENV)

VITALIANO, D.J.:

On May 7, 2014, petitioner Jayne Baker, proceeding *pro se*, filed nine petitions to quash administrative summonses issued by the Internal Revenue Service ("IRS") to nine financial institutions seeking information about petitioner. Each of Baker's nine filings includes the identical complaint and identical application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. With respect to cases 14-cv-2914, 14-cv-2915, 14-cv-2916, 14-cv-2917, 14-cv-2918, 14-cv-2919, 14-cv-2920, 14-cv-2921 the Court grants Baker IFP status only for purposes of consolidating those cases with the first-filed action, 14-cv-2913.

The purpose of the statute permitting litigants to proceed in forma pauperis is to insure that indigent persons have equal access to the judicial system. See Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A litigant need not demonstrate destitution, but he or she must demonstrate poverty to qualify. See

1

Potnick v. Eastern State Hosp., 701 F.2d 243, 244 (2d Cir. 1983). Whether a plaintiff is eligible for in forma pauperis status is a determination that lies within the sound discretion of the district court. See Choi v. Chemical Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996). Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350, plus an additional cost of $50, for a total of $400.

The Court is unable to determine from the current application if petitioner is indigent. In her IFP request, petitioner states that she has no wages or income from any source, has monthly expenses of $4,670 and owes $10,0000 to the IRS. But petitioner also states that she co-owns an apartment purchased for $1 million dollars and has $6,500 in her checking account. While petitioner's debts outpace her stated income, her assets are substantial. Further, it seems improbable that an individual would have absolutely no source of income and yet have an apartment with a monthly mortgage payment of over $4,000. In short, petitioner must make a more compelling showing of indigency to qualify for in forma pauperis status.

## Conclusion

The Court grants IFP status to Baker in cases 14-cv-2914, 14-cv-2915, 14-cv-2916, 14-cv-2917, 14-cv-2918, 14-cv-2919, 14-cv-2920, 14-cv-2921 only for purposes of consolidating those cases with 14-cv-2913. The Clerk of Court is directed to close all actions except 14-cv-2913.

The Court further directs petitioner to either file an amended IFP application or pay the filing fee of $400 to the Clerk of Court of the Eastern District of New

York within fourteen (14) days from the date of this Order. If petitioner fails to comply with this Order within the time allowed, the actions shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Eric N. Vitaliano
Eric N. Vitaliano
United States District Judge

Dated: Brooklyn, New York
       May 13, 2014